OPINION
On February 18, 2000, the Stark County Grand Jury indicted appellant, Michael W. Adkins, with one count of kidnapping in violation of R.C.2905.01 and one count of escape in violation of R.C. 2921.34. Said charges arose from an incident which occurred while appellant was housed at Massillon State Psychiatric Hospital. On April 26, 2000, the trial court ordered that appellant undergo evaluations for his mental condition at the time of the offense and his competency to stand trial. Also at this time, the trial court appointed counsel, William Mittas Esq., to represent appellant for the trial process. By judgment entry filed June 6, 2000, the trial court found appellant to be competent to stand trial. On June 12, 2000, Mr. Mittas filed a motion to withdraw as counsel of record. By judgment entry filed June 14, 2000, the trial court denied said motion. A jury trial commenced on June 22, 2000. Just prior to trial, appellant signed a written waiver of his right to representation and elected to represent himself. During the first day of trial, Mr. Mittas remained in the back of the courtroom to assist appellant on procedural matters. On the second day, appellant requested that Mr. Mittas leave the courtroom. The jury found appellant guilty as charged. By judgment entry filed June 29, 2000, the trial court sentenced appellant to an aggregate term of five years in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED BY IMPOSING A SENTENCE AND INCARCERATION WHERE THERE WAS AN INSUFFICIENT WAIVER OF THE RIGHT TO COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.
 II THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT RIGHT TO COMPULSORY PROCESS AND DUE PROCESS BY DENYING APPELLANT'S MOTION TO CONTINUE THE TRIAL IN ORDER TO PRESENT WITNESSES IN HIS DEFENSE.
 III THE VERDICT FINDING APPELLANT GUILTY OF KIDNAPING AND ESCAPE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 I
Appellant claims the trial court erred in not obtaining from him a knowing and intelligent waiver of counsel. We agree. In State v. Gibson (9176), 45 Ohio St.2d 366, syllabus, the Supreme Court of Ohio set forth the following guidelines for a trial court to follow when a defendant wishes to waive counsel: 1. The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so. Faretta v. California (1975), 422 U.S. 806, 95 S.Ct. 2525,45 L.Ed.2d 562.
 2. In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right.
The Gibson court at 376-377 quoted the following dicta from Von Motke v. Gilllies (1948), 332 U.S. 708, 723: `"* * * This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused." To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. * * *'
Further, Crim.R. 44(C) requires the waiver of counsel to be "in open court and the advice and waiver shall be recorded." The following written waiver of counsel was signed by appellant the morning of trial: The undersigned Michael W. Adkins waives the representation by appointment of counsel, William Mittas and chooses to represent himself in this matter.
Prior to this waiver, appellant's first attorney was permitted to withdraw as counsel. See, Judgment entry filed April 24, 2000. Appellant's second attorney, Mr. Mittas, filed a motion to withdraw on June 12, 2000. Following a pretrial held on June 14, 2000, the trial court filed a "Criminal Hearing Disposition Sheet" indicating "Hearing held. No change in status — leave set for trial." The trial court also filed a judgment entry denying Mr. Mittas's motion to withdraw. The only dialogue prior to trial between the trial court and appellant was a brief explanation by the trial court of the procedures of voir dire and trial. Thereafter, the only discussion regarding the waiver of counsel on the record was as follows:
 MR. MITTAS: Your Honor, if I may inquire the Court to ask Mr. Adkins if he did in fact sign the waiver of representation.
 THE COURT: Oh. Yes. There was a waiver of representation by Mr. Mittas as your appointed counsel which bore your signature and is that your desire and was that your signature?
THE DEFENDANT: Yes, sir.
THE COURT: All right.
T. at 10.
We find the waiver sub judice contains no inquiry by the trial court concerning appellant's right to counsel nor any advice by the trial court of his right to representation by counsel. The record is devoid of any effort on the part of the trial court to determine if appellant understood his rights and that he intelligently relinquished them. At the very least, the waiver of counsel must conform with Crim.R. 44(C). There should be a dialogue between the trial court and the defendant regarding his/her understanding of the right to counsel, the nature of the seriousness of the charges and circumstances in mitigation, the statutory penalties involved and the right against self-incrimination. No such effort was attempted in this case. Upon review, we find there was an insufficient waiver of counsel. Assignment of Error I is granted.
 II, III
Based upon our decision in Assignment of Error I, we find these assignments to be moot. The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed and remanded to said court for new trial.
 ___________ Farmer, J.
Edwards, P.J. and Wise, J. concur.